ISAAC S. KAIU AND JOSEPHINE KAIU *v.* MIKAHALA
K. KAEO AND S. K. KAEO.

APPEAL FROM CIRCUIT JUDGE, FIFTH CIRCUIT.

ARGUED SEPTEMBER 5, 1907.    DECIDED SEPTEMBER 20, 1907.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

CANCELATION OF INSTRUMENTS.

    A decree dismissing a bill to cancel a deed is affirmed on the
evidence.

OPINION OF THE COURT BY BALLOU. J.

This was a bill to cancel a deed, alleging in substance that
Isaac S. Kaiu was the owner of a piece of land at Nawiliwili
worth $1200 and two lots at Waipouli worth $1900; that he
was in trouble and threatened with being arrested on a criminal
charge connected with an indebtedness to W. H. Rice, and
that on the advice of defendant, S. K. Kaeo, an attorney at
law, he conveyed the land to the latter's wife, Mikahala, with
the understanding that after the trouble was over she would
reconvey to Isaac's wife, Josephine Kaiu; that the consideration
of $280 named in the deed was inadequate; that no part of it
was ever paid to the plaintiffs; that the amount was inserted
because S. K. Kaeo informed Isaac Kaiu that it was necessary
to have some consideration named in the deed; that thereafter
the plaintiffs, being frightened and under the influence of said
S. K. Kaeo, joined in a mortgage of the land made by defend-
ants to George N. Wilcox; that thereafter defendants claimed
that the deed was an absolute conveyance and proceeded to
demolish one of the buildings on the lands.    The bill prayed
"that respondents be ordered to produce in court said deed
executed by petitioners to said Mikahala K. Kaeo and deliver
the same to the clerk of the court and the same to be turned
over to petitioners;" for a reconveyance to Josephine Kaiu free

and clear of incumbrances; with prayers for alternative and general relief. The answer claimed that the deed in question was executed upon the proposal of Isaac Kaiu that Mikahala Kaeo buy the lands; that the parcels were worth $450 and $400 respectively; that beside the consideration named Mikahala Kaeo was to pay a mortgage to J. A. Magoon on these and other lands of Isaac Kaiu amounting to $250 with $15 interest; that the consideration had been paid and the Magoon mortgage cancelled; that the consideration was adequate; and denied generally the equities of the bill. The circuit judge, after hearing the evidence, decreed that judgment be entered for defendants with costs.

It appeared from the evidence that prior to the execution of the deed in question on November 2, 1906, Isaac Kaiu was in trouble through having issued to W. H. Rice a check for $210 without funds to cover it. Rice's attorney, Willard, prepared a mortgage on plaintiffs' lands, which had been previously mortgaged to J. A. Magoon, but this mortgage plaintiffs refused to sign. According to the plaintiffs their refusal was based on the advice of Kaeo, who proposed that they should deed the land to his wife in order that Rice may not be able to get it upon execution. Kaeo denies advising them on this subject and testifies that a proposition of sale was made to him by Kaiu. The deed in question was executed but no money passed at the time, Kaeo testifying that he kept the money at Kaiu's request, placing it in a sealed envelope in his safe.

On November 18th the plaintiffs were at the house of the defendants, and Kaeo produced an envelope which contained $280 in gold. There is but little discrepancy in the testimony as to what was said at this time. Isaac Kaiu asked if his land was sold absolutely and upon Kaeo's answering in the affirmative said that he understood that it was sold only temporarily and that it was to be reconveyed to his wife after his trouble was over. Kaeo then said, according to his own testimony, "If that is your opinion then this sale is rescinded. You return the money and the lands will be reconveyed to you." According

to Isaac Kaiu, Kaeo said, "If I had known that was to have been the case I would not have done this. You want me to help you and I get nothing for it. I consent if you will pay me back all of my money then I will either transfer the land back again to you or your wife." Mrs. Kahele's version is "If you think that way you return the money and we will return the land."

In all events, Isaac Kaiu raised no further objection but took a small payment from the $280, and two receipts covering the balance, and instructed Kaeo to pay the indebtedness to Rice, which was afterwards done. The balance was paid to Kaiu in small instalments as he called for it, or "borrowed" according to plaintiffs' version. The Magoon mortgage was paid off by the defendants, thereby releasing other lands of the plaintiffs from this incumbrance.

It is obvious that, whatever may have been the misunderstanding when the deed was originally executed, the acceptance by Kaiu, after the issue as to whether the sale was absolute had been clearly raised, of part of the consideration together with receipts for the remainder which was paid for his benefit, amounted to a ratification of the sale. The circuit judge who heard the witnesses found that this was a ratification as testified to by Kaeo, and we see no reason for disturbing this finding. Written instruments are neither to be set aside nor varied by parol evidence unless that evidence is clear and convincing. It is true that there is a shade of difference in Isaac Kaiu's version of the conversation, which would still leave the transaction in the nature of a mortgage which he could redeem in the indefinite future, but this is opposed to not only the weight of the testimony but to the theory of plaintiffs' own bill and evidence, which was that the conveyance was a naked trust and that they had received no part of the consideration.

There is considerable difference between the proposition that the conveyance was one without any consideration, designed to put the real estate beyond the reach of execution in case of trouble, and the proposition that it was a mortgage to raise

money with which to avert the trouble; and the plaintiffs' case is not helped by the fact that a great deal of the evidence adduced to support one theory negatives the other. For example, the fact that the deed included only part of plaintiffs' lands, the insistence on the alleged threat of criminal proceedings, and the protest against the sum of $280 as "too small," would support the idea of mortgage but are inconsistent with the theory that Kaiu was trying to avoid execution; while the allegation of fright and undue influence, the contention that the expressed consideration was only a formality, and the denial that any part of it was received, are intended to support the theory of avoidance of execution, but are out of place if the transaction was a mortgage.

There is but little significance to be attached to the plaintiffs subsequently joining by way of release in the mortgage to Wilcox. Inferences on either side can be drawn. Plaintiffs claim that it is suspicious that Wilcox should require them to join, but defendants explained that this was because the land was described in the deed from plaintiffs to Mikahala Kaeo only by reference to the records in Honolulu. On the other hand, the voluntary execution of this mortgage by the plaintiffs cannot be reconciled with either theory of their case. They claim that it was under the undue influence of S. K. Kaeo, in connection with the trouble over Rice's check, but the money was then in hand to pay the check, as evidenced by receipts which Kaiu admitted that he had received, and although Kaeo is an attorney at law Kaiu does not claim that he had ever consulted with him as such or had any business with him. The preexisting relations of trust and confidence referred to in *Hall v. Winam,* 14 Haw. 306, are here wanting.

There is a great deal of conflicting testimony as to the value of the lands conveyed, but inadequacy of price, if established, would not of itself be sufficient cause for setting aside the instrument. As the circuit judge says, "The pressure upon petitioners to part with their land for less than its full value did not come from respondents but was occasioned by the course of Kaiu him-

self.   Petitioners' objection to the deed that the price was too small was raised and waived by Isaac Kaiu on November 18, 1906."

The decree appealed from is affirmed.

*J. Lightfoot* (*Magoon & Lightfoot* on the brief) for plaintiffs.

*C. F. Clemons* (*S. K. Kaeo* and *Thompson & Clemons* on the brief) for defendants.

